IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00052-MR

| | |
|---|---|
| MONTAVIUS A. JOHNSON-EL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on review of the Complaint [Doc. 1]. Also pending are an Application to proceed *in forma pauperis* [Doc. 2] and a Motion to Appoint Counsel [Doc. 3].

The *pro se* Complaint purports to be a class action civil rights suit pursuant to 42 U.S.C. § 1983 and names two Plaintiffs: Montavius A. Johnson-El,[1] who is presently incarcerated at the Columbus Correctional Institution; and Shirley Ann Holden, who does not appear to be incarcerated and has not signed the Complaint or filed a motion to proceed *in forma*

---

[1] According to the North Carolina Department of Public Safety's website, Plaintiff's name is Montavious A. Johnson. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=list (last visited Mar. 30, 2021).

*pauperis.*[2]  The Complaint addresses an incident when Plaintiff Holden allegedly attempted to bring contraband into Albemarle C.I. to Plaintiff Johnson-El during visitation on February 3, 2019, which resulted in the imposition of disciplinary sanctions against Plaintiff Johnson-El.  The Complaint names as Defendants: the North Carolina Department of Public Safety ("NCDPS"); three Albemarle C.I. correctional officers; an Albemarle C.I. disciplinary hearing officer; the Albemarle C.I. administrator; an NCDPS security specialist in Raleigh; and the NCDPS director of prisons in Raleigh.

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

---

[2] Every pleading must be signed by an attorney or by a party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a).  Plaintiff Johnson-El is advised that attempting to represent the legal interests of anyone other than himself, unless he is licensed to practice in the State of North Carolina or is admitted elsewhere and specifically admitted, constitutes the unauthorized practice of law, which is a criminal offense in the State of North Carolina.  See N.C. Gen. Stat. § 84-4, 84-8; see also Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for *oneself*, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (a *pro se* prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners.").
2

which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Further, a court may transfer a civil action to any district where the action might have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

The incidents at issue in this case allegedly occurred at Albemarle C.I., and several of the Defendants are identified as Albemarle C.I. employees. The Court notes that Albemarle C.I. is located in Stanly County in the Middle District of North Carolina. The Complaint also names as Defendants certain NCDPS employees, who are employed in Raleigh, which is located in Wake County in the Eastern District of North Carolina. Plaintiff Johnson-El is presently incarcerated at Columbus C.I., which is located in Columbus County in the Eastern District of North Carolina.[3] To the extent that the Plaintiff may be able to state a cognizable claim against any Defendant, venue is appropriate in the Middle District of North Carolina, where the events giving rise to the claims occurred and where most of the Defendants appear to be located.

---

[3] As stated above, Ms. Holden is not properly before the Court at this time. As such, her domicile is not relevant.

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina.

**IT IS THEREFORE ORDERED** that the Clerk of this Court is hereby ordered to transfer this action to the Middle District of North Carolina for further proceedings, including ruling on the pending motions.

**IT IS SO ORDERED.**

Signed: April 1, 2021

Martin Reidinger
Chief United States District Judge

4

Case 1:21-cv-00277   Document 4   Filed 04/01/21   Page 4 of 4